IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ESCO ELECTRICAL SUPPLY COMPANY | : : : : | CIVIL ACTION |
| v. | : : | |
| AEROPLATE CORPORATION, et. al | : | NO. 12-4647 |

MEMORANDUM

RESTREPO, J.                                                                                                                 SEPTEMBER 5, 2013

Plaintiff initiated this action alleging that Defendant, Aeroplate Corporation ("Aeroplate"), received hundreds of dollars worth of electrical supplies and materials from plaintiff which Aeroplate used to satisfy its contractual obligations to the Veteran's Administration at the Veterans Hospital in Philadelphia ("VA Hospital" or "Project"). See Pl.'s Compl. ¶ 1. Plaintiff further alleges that, despite having been paid for the work Aeroplate did after using plaintiff's supplies and materials which Aeroplate installed at the Project, neither Aeroplate nor defendant Ronald D. Patterson ("Patterson"), as Aeroplate's surety on the Project, has paid the amounts past due and owing to plaintiff. Id. ¶¶ 2-4.

Before the Court is Plaintiff's Motion for Summary Judgment, Defendants' Answer thereto, and Plaintiff's Reply. For the following reasons, plaintiff's summary judgment motion is granted.

1. **BACKGROUND AND PROCEDURAL HISTORY**

       Plaintiff's Complaint includes claims for breach of contract, violation of the

Miller Act, see 40 U.S.C. § 3131, et seq., and violation of Pennsylvania's Contractor and Subcontractor Payment Act ("Payment Act"), see 73 P.S. §§ 501-16. After filing their Answer to the Complaint, defendants filed on October 24, 2013 a Petition to Stay alleging that Aeroplate had filed two actions in the U.S. Court of Federal Claims and requesting that, in light of those pending actions, this action be stayed until the Court of Claims actions were resolved.

Following plaintiff's Response to the Motion to Stay, by Order of November 14, 2012, the Honorable C. Darnell Jones, II denied the motion.[1] Judge Jones noted that defendants had failed to "demonstrate a clear case of hardship or inequity" in the face of the "fair possibility that [a] stay would work damage" on plaintiff. See Order filed 11/14/12 (Document 9) at n.1 (citing Grider v. Keystone Health Plan Cent., Inc., 2011 WL 1047840, *1 n.1 (E.D. Pa. May 5, 2004) (quoting Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1075-76 (3d Cir. 1983)). Moreover, Judge Jones found defendants "identified no hardships or inequities whatsoever to be suffered if their request to stay this matter were denied," whereas plaintiff "ha[d] named potential prejudice as a result of such a delay in litigation." Id. at n.1.

On December 19, 2012, Judge Jones issued a scheduling Order (Document 12) which included specific requirements regarding summary judgment motions and responses thereto. Among other things, Judge Jones ordered that the respondent shall file a separate, short and concise statement, responding to the numbered paragraphs in the moving party's statement, of the material facts as to which the respondent contends there is a genuine issue to be tried and shall "support each of the material facts with **specific citations** to the underlying record and

---

[1] Although this case was originally assigned to Judge Jones, on July 19, 2013 the case was reassigned to my calendar.

*attach a copy of the relevant portions of that record, if practicable and not already of record.*" See Order 12/19/12 (Doc. 12) ¶¶ 9-10 (emphases added). Judge Jones further admonished that "[a]ll factual assertions set forth in the statement [of material facts as to which the movant contends there is no genuine issue to be tried] required to be served by the moving party shall be *deemed admitted* unless controverted by the statement required to be served by the opposing party." Id. ¶ 10 (emphasis added).

Defendants filed Objections to Plaintiff's Requests for Admission on December 20, 2012, and on January 11, 2013, plaintiff filed a Motion to Compel the Production of Documents and Determine the Sufficiency of Answers to Requests for Admission. By Order filed February 27, 2013, Judge Jones granted plaintiff's motion as unopposed. On March 7, 2013, Judge Jones filed an Amended Order amending his February 27th Order. The Amended Order clarified that defendants had failed to file any response to plaintiff's motion, that defendants' objections to Plaintiff's First Requests for Production of Documents were stricken, that defendants' objections to Plaintiff's Requests for Admission were stricken, and that "*the Requests for Admission are deemed admitted*." See Am. Order 3/7/13 (Document 16) (emphases added).

In March 2013, plaintiff filed this summary judgment motion, defendants filed their Response, and plaintiff filed its Reply. Plaintiff requests summary judgment in its favor on its Miller Act claim (Count I), Breach of Contract claim (Count III), and Payment Act claim (Count V). See Pl.'s Br. 7. In support of its motion, plaintiff has provided the affidavit of Isabel Franco, plaintiff's Vice President (attached to Pl.'s Summ. J. Mot. as Ex. "A"), see Franco Aff. 3/14/13, ¶ 3. Plaintiff also points to its Requests for Admission deemed admitted pursuant to Judge Jones' Amended Order, see Am. Order 3/7/13, and other records submitted with its Motion to

3

Compel and its Complaint.

Defendants have submitted a 2-page Answer to the summary judgment motion. The Answer asserts that a "review of records in California has recently determined that the plaintiff's Complaint was 'padded' with over $80,000.00 of false claims." See Defs.' Answer to Summ. J. Mot. 1. In the section of the Answer which purports to identify "Facts . . . in Dispute," defendants merely assert in conclusory fashion, without any affidavits or other evidence attached: "A review of Aeroplate's records show[s] that the Complaint has over $80,000.00 of false claims." Id. at 2. Defendants further state: "Ultimately, the plaintiff's claims will be reviewed by the United States Government in the Court of Claims. If it is found that the Complaint was padded with over $80,000.00 in damages, then the Judgment would be void." Id. In addition, in light of defendants aforesaid assertion, they request that the Court "not decide" plaintiff's motion.[2] Id. at 1. Defendants have failed to attach to their response any affidavits or other evidence to support any assertions made in their response.[3] Moreover, pursuant to Judge Jones' Amended Order, plaintiff's "Requests for Admission are *deemed admitted*." See Am. Order 3/7/13 (Document 16), ¶ 4 (emphasis added).[4]

---

[2] As mentioned, Judge Jones' Nov. 14, 2012 Order denied plaintiff's Motion to Stay.

[3] On May 6, 2013, 40 days after filing their response to the summary judgment motion and well after plaintiff filed its reply, defendants did file an affidavit dated April 2, 2013 signed by a Mary Williams. The affidavit states in its entirety: "The lawsuit includes $255,635.30 worth of invoices, of which $185,416.57 were found in Aeroplate records. The complaint asserts $255,635.30 in damages. Aeroplate does not have invoices for $70,217.73. There are no records for this excess amount in Aeroplate's books." See Williams Aff. filed 5/6/13 (Document 20).

[4] Those admissions as well as other records supporting plaintiff's claims are attached to Plaintiff's Motion to Compel (Document 14) as Exhibits 2 through 5. Records supporting plaintiff's claims are also attached to plaintiff's Complaint.

## 2. LEGAL STANDARD

Summary judgment is appropriate if the movant shows "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Judgment will be entered against a party who fails to sufficiently establish any element essential to that party's case and who bears the ultimate burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In examining the motion, we must draw all reasonable inferences in the nonmovant's favor. InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003).

The initial burden of demonstrating there are no genuine issues of material fact falls on the moving party. Fed. R. Civ. P. 56(a). Once the moving party has met its burden, the nonmoving party must counter with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted). The nonmovant must show more than the "mere existence of a scintilla of evidence" for elements on which it bears the burden of production. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). Bare assertions, conclusory allegations or suspicions are not sufficient to defeat summary judgment. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted).

**3. DISCUSSION**

**(A) Plaintiff's Miller Act Claim**

To provide some protection for suppliers, Congress enacted the Heard Act and later replaced it with the Miller Act. See U.S. ex rel. E & H Steel Corp., v. C. Pyramid Enterprises, Inc., 509 F.3d 184, 186 (3d Cir. 2007). The Act requires every contractor on a federal government contract exceeding $100,000.00 to provide "[a] payment bond with a surety . . . for the protection of all persons supplying labor and material in carrying out the work provided for in the contract." Id. (citing 40 U.S.C. § 3131(b)(2)).

The Act provides, in pertinent part, that "[e]very person that has furnished labor or material . . . and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material . . . may bring a civil action on the payment bond." Id. (citing § 3133(b)(1)). The Miller Act is "highly remedial (and) entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects." F.D. Rich Co. v. U.S. ex rel. Indus. Lumber Co., 417 U.S. 116, 124 (1974); see U.S. ex rel. Martin Steel Constr., Inc. v. Avanti Constr., Inc., 750 F.2d 759, 761 (9th Cir. 1984) (Miller Act is to be construed liberally in favor of persons supplying materials for federal projects), cert. denied, 474 U.S. 817 (1985).

A material supplier will prevail on a Miller Act claim if: "(1) the materials were supplied in prosecution of the work provided for in the contract; (2) he has not been paid; (3) he had a good faith belief that the materials were intended for the specified work; and (4) the jurisdictional requisites were met." Id.

The Franco affidavit indicates that Aeroplate ordered goods and materials from plaintiff

6

pursuant to contracts entered into between the United States and Aeroplate ("VA Contracts").[5]
See Franco Aff. ¶¶ 4, 1-3, 6. The evidence further indicates that goods and materials in the amount of $224,212.39 were supplied by plaintiff to Aeroplate from on or about April 5, 2011 to October 17, 2011 for the Project pursuant to the contract between the parties and that plaintiff relied in good faith upon Aeroplate's representations that the goods were for use pursuant to the VA Contracts. Id. ¶¶ 10-13, 104, 9; see also Aetna Casualty & Sur. Co. v. Circle Equip. Co., 377 F.2d 160, 165 (D.C. Cir. 1967) (supplier entitled to presumption that goods delivered to contractor were used for purposes of complying with the government contract). The evidence provided by plaintiff reflects and there appears to be no dispute that defendants have failed to pay plaintiff for the products identified as having been delivered, and as of November 24, 2011 payment from Aeroplate to plaintiff was past due and owing for the amount of $224,212.39. See Franco Aff. ¶¶ 12-14, 20.

Finally, plaintiff has met the jurisdictional requisites, including that when Aeroplate failed to pay plaintiff for the materials delivered, plaintiff initiated this action more than 90 days after, but not more than one year after, October 17, 2011. Plaintiff provided goods and materials to Aeroplate, a government contractor, pursuant to a valid payment bond, which defendants failed to honor through payment. Thus, plaintiff has met its burden of showing a Miller Act violation. See Avanti Constr., 750 F.2d at 761.

---

[5] Although the Franco affidavit **or** Plaintiff's Requests for Admission deemed admitted are, at times, cited herein in support of plaintiff's claims, it is noted that often **both** provide evidence supporting plaintiff's claims, as well as other records attached to plaintiff's Motion to Compel and plaintiff's Complaint, see supra note 4.

### (B) Plaintiff's Breach of Contract Claim

"Under Pennsylvania law, an action for breach of contract has three elements: 1) the existence of a contract, including its essential terms; 2) a breach of a duty imposed by the contract; and 3) resulting damages." MGM Auto. Grp., LLC v. Genuine Parts Co., 2013 WL 967956, *3 (W.D. Pa. Mar. 12, 2013) (quoting Rendon v. Ragans, 2009 WL 1514471, *2 (W.D. Pa. May 29, 2009) (citations omitted)). Here, the Franco Affidavit, in addition to the Requests for Admission which are deemed admitted pursuant to Judge Jones' March 7, 2013 Amended Order (Document 16) and the documents attached to plaintiff's Motion to Compel and plaintiff's Complaint, support plaintiff's claim for breach of contract. There is no dispute that a contract exists between Aeroplate and plaintiff. The Franco affidavit, among other things, indicates that Aeroplate received from plaintiff goods and materials in the amount of $224,212.39 for the Project and that defendants have failed to pay plaintiff for any of those products. See Franco Aff. ¶¶ 12-14. The terms of the contract between Aeroplate and plaintiff are also not in dispute and make Aeroplate liable to pay interest at the annual rate of 18% on all amounts due and owing and to pay for attorney's fees and costs incurred in collecting upon amounts due and owing. See, e.g., Pl.'s Req. for Admission No. 1 deemed admitted (attached to Pl.'s Mot. To Compel).[6] The evidence indicates that Aeroplate breached the contract by failing to pay plaintiff for the goods received, which payment is past due and owing as of November 24, 2011 in the total amount of $224,212.39. Accordingly, plaintiff has met its burden of showing a breach of contract in the amount of $224,212.39, plus reasonable attorney fees and interest.

---

[6]Plaintiff's Request for Admission refers to this 18% annual rate included in the contract as interest, while the Franco Affidavit refers to it as a "service charge," see, e.g., Franco Aff. ¶ 5; Pl.'s Req. for Admission No. 1.

### (C) Plaintiff's Payment Act Claim

Pennsylvania's Payment Act provides that "[p]erformance by a subcontractor in accordance with the provisions of contract shall entitle the subcontractor to payment from the party with whom the subcontractor has contracted." Scandale Assoc. Builders & Engineers, Ltd. v. Bell Justice Facilities. Corp., 455 F. Supp.2d 271, 278 (M.D. Pa. 2006) (quoting 73 P.S. § 507(a)). Such payments must be paid 14 days after "receipt of each progress or final payment or 14 days after receipt of subcontractor's invoice, whichever is later." Id. (quoting 73 P.S. § 507(c)). If such payments are not timely made, the subcontractor is also entitled to interest, a penalty fee, and reasonable attorney fees. Id. (citing 73 P.S. §§ 507(d), 512(a)-(b)). Specifically, pursuant to § 512(a) and (b) of the Payment Act, a contractor failing to pay a subcontractor or supplier is liable to pay "a penalty equal to 1% per month of the amount that was wrongfully withheld," as well as a reasonable attorney fee and expenses. See 73 P.S. § 512. As explained, Aeroplate was contractually obligated to pay plaintiff $224,212.39, which was due and owing as of November 24, 2011. See Franco Aff. ¶¶ 4,5,12-14, 20; Admission Nos. 1-2, 11, 15-71. Under the Payment Act, Aeroplate is obligated to pay a 1% penalty per month on the amount which was wrongfully withheld. See 73 P.S. § 512.

### (D) Defendants' Response to Plaintiff's Motion

Plaintiff has met its initial burden of providing evidence supporting its claims on the Miller Act, Breach of Contract, and the Payment Act. In particular, plaintiff has submitted: the affidavit of Isabel Franco, plaintiff's vice president who was employed by plaintiff and its related entities for more than 26 years; numerous Requests for Admission which have been deemed

9

admitted; and numerous other records attached to plaintiff's Motion to Compel and plaintiff's Complaint.

As explained, once the moving party of a summary judgment motion has met its initial burden, the nonmoving party must counter with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus., 475 U.S. at 587 (citation omitted). Indeed, pursuant to Judge Jones' December 19, 2012 Order (Document 12), the non-movant's Response to the summary judgment motion "shall," among other things, provide "specific citations to the underlying record and attach a copy of the relevant portions of that record." See Order 12/19/12, ¶¶ 9-10.

Here, defendants have failed to support their response with evidence demonstrating that there is a "genuine issue for trial." See Matsushita, 475 U.S. at 587 (citation omitted). Moreover, they have failed to provide "specific citations" to the record or "attach a copy of the relevant portions of [the] record." Bare assertions and conclusory allegations are **not** sufficient to defeat summary judgment. DuFresne, 676 F.2d at 969. As noted, 40 days after submitting their response to plaintiff's motion and following the filing of plaintiff's reply, defendants submitted a conclusory affidavit of a Mary Williams. Initially, it is noted that it is not clear who Mary Williams is, what her qualifications are, or what she was basing her assertions on. In any event, "[b]ecause the purpose of Rule 56 'is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit,' Lujan[ v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888-89 (1990)], [a] bare-bones affidavit is insufficient to defeat summary judgment" in this case. See Transamerica Occidental Life Ins. Co. v. Total Sys. Inc., 513 Fed. Appx. 246, 251 (3d Cir. 2013); see also Gonzalez v. Sec'y of Dept. of Homeland Sec., 678 F.3d

10

254, 263 (3d Cir. 2012) (citing Kirleis v. Dickie, McCamey & Chilicote, P.C., 560 F.3d 156, 161 (3d Cir. 2009)) ("conclusory, self-serving affidavits are insufficient to withstand a motion for summary judgment"). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation omitted). Accordingly, for the foregoing reasons, plaintiff is entitled to judgment in its favor for violation of the Miller Act, breach of contract, and Pennsylvania's Payment Act.

      An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF ESCO ELECTRICAL SUPPLY COMPANY | : : : : | CIVIL ACTION |
| v. | : : | |
| AEROPLATE CORPORATION, et. al | : | NO. 12-4647 |

**O R D E R**

**AND NOW**, this 5th day of September, 2013, upon consideration of the Motion for Summary Judgment filed by plaintiff, United States of America for the Use and Benefit of Esco Electrical Supply Company, the Answer thereto of defendants, Aeroplate Corporation and Ronald D. Patterson, and plaintiff's reply brief, for reasons explained in the accompanying Memorandum, it is hereby **ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**.

**IT IS FURTHER HEREBY ORDERED** that:

1. **JUDGMENT** is entered in Favor of Plaintiff and Against Defendants with respect to Plaintiff's Miller Act Claim, breach of contract claim, and Payment Act claim, in the amount of $224,212.39 plus interest, reasonable attorney fees, and penalty fees, consistent with the accompanying Memorandum;

2. The Clerk of Court shall mark this action **CLOSED** for statistical purposes.

BY THE COURT:

 s/ L. Felipe Restrepo
L. FELIPE RESTREPO
UNITED STATES DISTRICT JUDGE